UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| AUTISM HOME SERVICES, LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE PIECE THAT FITS DAYCARE )<br>AND ABA THERAPY, INC., and )<br>KHIANA BOONE, )<br><br>Defendants. ) | Cause No. 2:22-CV-316-PPS-JEM |

**OPINION AND ORDER**

Khiana Boone, a board-certified assistant behavior analyst, worked for Autism

Home Services, LLC until July 2022, when she took a new position at The Piece That Fits

Daycare and ABA Therapy, Inc. Autism Home claims that Boone violated the terms of a

written employment agreement she entered a year prior to her departure, which

includes non-compete, non-solicitation, and confidentiality provisions, and through this

action seeks compensatory and injunctive relief against Boone and The Piece That Fits

for breach of contract, theft of trade secrets, and tortious interference with Boone's

contract and the contracts of Autism Home's "other employees."

The Piece That Fits seeks dismissal on the grounds that the complaint fails to state

a claim for relief. [DE 16.] For her part, Boone did not seek dismissal and instead

answered the complaint. [DE 20.] So the only thing presently before me are the claims

against her employer, The Piece That Fits.

The complaint appears to assert claims against The Piece That Fits *and* Boone for breach of her employment contract (Counts I–III) and misappropriation of trade secrets she allegedly acquired during her prior employment (Count IV). [DE 1, ¶¶ 48–104.] However, in its opposition brief, Autism Home represents that those claims are brought only against Boone individually and not her new employer. [DE 26 at 2.] So construed, the motion will be granted as to Counts I–IV, which Plaintiff acknowledges do not state a claim against The Piece That Fits. What remains is a single cause of action against The Piece That Fits for tortious interference with Autism Home's employment contracts (Count V). [DE 1, ¶¶ 105–17.] For the reasons that follow, the claim of tortious interference with Boone's contract will be allowed to proceed. But I will dismiss without prejudice any claim that The Piece That Fits tortiously interfered with the contracts of "other employees" not identified in the complaint.

**Facts**

Autism Home is a regional provider of applied behavior analysis (ABA) therapy to children with autism. [DE 1, ¶ 10.] Khiana Boone was hired by Autism Home as a registered behavioral technician in May 2019. *Id.*, ¶ 27. On the job, she completed 1,500 hours of required training to become board-certified in ABA therapy. *Id.*, ¶¶ 13, 28. On August 21, 2021, she executed a written employment agreement for a position with Autism Home. [DE 1-1; *see* DE 1, ¶¶ 31–32.] The agreement stated Boone was an "at will" employee, and the relationship could be terminated by the company or Boone at any

time, for any reason, with or without cause, provided Boone gave thirty days notice. [DE 1-1 at 3.]

Boone's employment agreement also contained express non-compete and non-solicitation provisions. *Id.* at 3–4. Specifically, if she left Autism Home, she agreed not to own or work for a competitor within a fifteen mile geographic radius of its primary office for six months following the term of the agreement. *Id.* at 4. She further agreed that for twelve months following the term of the agreement, she would not disclose "the names or addressees of any of [Autism Home's] customers or clients," nor "call on . . . or take away any client or patient" with whom she had called on or become acquainted during the term of her employment. *Id.* The agreement also contains a confidentiality provision, which states that during the term of the agreement "or at any time thereafter," Boone "shall not . . . disclose, copy or use any confidential information relating to [Autism Home] or its patients." *Id.*

After signing the agreement, Boone received additional training from Autism Home regarding "its processes," during which time she acquired "access to its Client and Provider Information, Utilization Management and Competitive Cost Structure, and its Processes and Policies." [DE 1, ¶ 33.] Autism Home claims this material is confidential information and is a "cornerstone" to its ability to "provide the highest quality of care possible." *Id.*, ¶¶ 16, 20, 23. According to the complaint, this is the information that Autism Home uses to evaluate reimbursement rates for provision of care and its internal costs to optimize its operations and forecast its budget. *Id.*, ¶¶ 22–24. Autism Home

3

asserts that Boone and her new employer derive an "enormous" competitive advantage from their access and use of this information, which took years to develop. *Id.*, ¶¶ 25–26.

Boone was successful in her new role at Autism Home; at the time of her departure, Boone indirectly managed care for twenty-five clients, directly supervised four clients, and had responsibility interviewing new registered behavioral technicians. *Id.*, ¶ 34. But less than a year into her contract, in July 2022, she resigned citing "a desire to focus more attention on her bakery business." *Id.*, ¶¶ 34, 36. Autism Home now claims Boone and The Piece That Fits were cooking up something far more sinister than cookies.

The Piece That Fits is principally located seven miles from Autism Home and competes with Autism Home in the provision of ABA therapy. [DE 1, ¶¶ 50–53.] Boone started her new job there fewer than thirty days after resigning from Autism Home. *Id.*, ¶ 56. On information and belief, Autism Home claims that as Boone planned her resignation, The Piece That Fits knew of Boone's employment and her employment contract and wanted her to join their company in part based on her ability to leverage its confidential information. Further, Boone intended all along to take a new job with The Piece That Fits, and started preparing for it months ahead of her resignation (including taking with her Autism Home's confidential information.) *Id.*, ¶¶ 37–42.

Autism Home claims that, since her departure, Boone has utilized the confidential information she obtained about its customers. This was detrimental to Autism Home; by using that information, Boone began soliciting Autism Home employees and clients and

contacting its clients' parents and legal guardians. [*See* DE 1, ¶ 46.] Boone allegedly

solicited Felicity Pina to terminate her role with Autism Home and join The Piece That

Fits. *Id.*, ¶¶ 69–73. It's unclear whether this solicitation occurred when Boone was

working for Autism Home; but she had moved over to The Piece That Fits by the time

Pina joined the company. *Id.*, ¶ 73.

Based on all this, Autism Home brings claims against Boone for breach of contract

(Counts I–III) and misappropriation of trade secrets (Count IV). [*See* DE 26 at 2

(confirming these counts are only asserted against Boone individually).] Autism Home

has also sued Boone and The Piece That Fits for tortious interference with contract on

two theories: interference with Boone's contract, and attempting to interfere with its

employment contracts with "other employees." [DE 1, ¶¶ 106–08.] Citing the provisions

in Boone's contract, Autism Home claims that The Piece That Fits had "actual and

specific knowledge" about Boone's employment at Autism Home, her roles and

responsibilities, the confidential information she possessed, and the terms of her

employment agreement, but hired her anyway. *Id.*, ¶¶ 109–13.

### Discussion

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if

the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P.

12(b)(6). The complaint must "provide a short and plain statement of the claim showing

that the pleader is entitled to relief, sufficient to provide the defendant with fair notice of

the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (internal

5

quotation and citations omitted); *accord Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599, 601–02 (7th Cir. 2016). In evaluating a motion to dismiss brought under Rule 12(b)(6), I must accept the complaint's allegations as true and draw all reasonable inferences in the plaintiff's favor. *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021). However, to avoid dismissal under Rule 12(b)(6), a claim for relief must be "plausible on its face." *Proft v. Raoul*, 944 F.3d 686, 690 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As previously mentioned, the complaint appears to assert five causes of action against Boone *and* The Piece That Fits. But Autism Home now tells me it intended to only bringing claims in Count I-IV against Boone. This concession is a curious one since the complaint specifically asks to enjoin The Piece That Fits from further breaches of contract and misappropriation of Autism Home's trade secrets (as well as from further interference with Autism Home's contracts and business relationships), all of which are implicated by Counts I–IV.  For this reason, instead of "denying" the motion to dismiss because those counts don't implicate The Piece That Fits, as Autism Home requests [*see* DE 26 at 2], I will dismiss those counts without prejudice as to The Piece That Fits. I see no point to leaving those claims dangling out there when Autism Home has candidly admitted it has no intention of pursuing them.

Autism Home *is* pursuing Count V against The Piece That Fits, the claim of tortious interference with contract. Here are the elements of that tort: "(1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the

contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence

of justification; and (5) damages resulting from defendant's wrongful inducement of the

breach." *G & S Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 543 (7th Cir. 2012) (citing

*Melton v. Ousley*, 925 N.E.2d 430, 440 (Ind. Ct. App. 2010)). In moving to dismiss this

claim, The Piece That Fits argues that Autism Home cannot possibly *prove* that The Piece

That Fits had knowledge of Boone's agreement and the intent to induce Boone to breach

it by sharing information with The Piece That Fits. [*See* DE 16 at 9–10.] I can think of any

number of ways Boone can prove that. Perhaps, for example, there are e-mails between

Boone and her would-be employer cooking up their plan. Who's to say? But for now, it's

beside the point. What matters in a motion to dismiss is whether there are plausible

*allegations*, not evidence.

So the question is whether the facts alleged form a plausible basis to infer that The

Piece That Fits knew about the non-compete, non-solicitation, and confidentiality

provisions in Boone's contract and induced her to breach them. Noting The Piece That

Fits does not meaningfully address the relevant allegations in its opposition, and having

independently reviewed the complaint, I find that it contains sufficient facts to state a

claim for tortious interference as to Boone's agreement. It is reasonable to infer that in

the course of recruiting a new employee in a specialized and highly regulated industry,

like Boone in this case, a prospective employer would become aware of a candidate's

existing employment and any conditions on prospective employment—particularly

when operating within a seven mile geographic radius of her former employer. Given

the secretive nature of Boone's recruitment to The Piece That Fits, Autism Home would

not reasonably have access to her communications with The Piece That Fits necessary to

state with greater specificity its knowledge of the terms of Boone's contract, or the

specific inducements it provided her to secure her breaches of the various provisions in

the agreement. It would be a silly move for a competitor to knowingly induce an

employee to violate the terms of their agreement with their former employer and then

inform the former employer that they have done so. It is also reasonable to conclude,

given the competitive nature of the marketplace, that The Piece That Fits made a

calculated decision to hire away Boone, notwithstanding the non-compete provision, in

order to utilize her knowledge of Autism Home's confidential information, client and

employee contacts, and trade secrets to its competitive advantage. That's exactly what

Autism Home claims took place. Any specific communications to this effect, if they exist

(which appears plausible given the timing and context of Boone's departure), are likely

to arise in discovery; but that does not render the claims implausible on their face.

Although I find Count V states a plausible claim for tortious interference with

Boone's contract, the same cannot be said for the claim that The Piece That Fits tortiously

interfered with the contracts of "other employees" who are not identified in the

complaint. There is no factual basis to infer that The Piece That Fits knew of any such

agreements (if they exist) or that it intentionally induced any employees to breach their

agreements with Autism Home. The allegations with respect to Pina's recruitment

appear entirely based on Boone's conduct. Accordingly, this claim will be dismissed.

However, the dismissal will be without prejudice, in order to afford Autism Home an opportunity to plead additional facts supporting a claim of tortious interference with the contract of any employee other than Khiana Boone.

### Conclusion

For the foregoing reasons, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant The Piece That Fits Daycare's Motion to Dismiss [DE 16] is **GRANTED IN PART** and **DENIED IN PART**, as follows.

Autism Home's claims against The Piece That Fits for breach of contract (Counts I–III) and misappropriation of trade secrets (Count IV) are **DISMISSED WITHOUT PREJUDICE**. These counts remain pending against Khiana Boone.

Autism Home's claim for tortious interference with contract (Count V) is also **DISMISSED WITHOUT PREJUDICE**. But this dismissal is only with respect to Autism Home's claim that The Piece That Fits tortiously interfered with the contracts of "other employees," who are not specifically identified in the complaint. The claim that The Piece That Fits tortiously interfered with Khiana Boone's contract will be allowed to proceed as presently pled.

 **SO ORDERED.**

 ENTERED: February 15, 2023.

      /s/ Philip P. Simon
      PHILIP P. SIMON, JUDGE
      UNITED STATES DISTRICT COURT